UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Ernest Williams,<br><br>    Plaintiff,<br><br>v.<br><br>Advanced Portfolio Group, LLC,<br><br>    Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ELECTRONIC FUNDS TRANSFER ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## **PARTIES**

1. Plaintiff, Ernest Williams ("Ernest"), is a natural person who resided in Gary, Indiana, at all times relevant to this action.

2. Defendant, Advanced Portfolio Group, LLC ("APG"), is a New York limited liability company that maintained its principal place of business in Buffalo, New York, at all times relevant to this action.

## **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1331, this Court also has federal question jurisdiction over this matter as it arises under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

1

## STATEMENT OF FACTS

6. At all times relevant to this action, APG collected consumer debts.

7. APG regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of APG's revenue is debt collection.

9. APG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. As described, *infra*, APG contacted Ernest to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Ernest is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. In 2021, APG began attempting to collect a debt from Ernest.

14. In response to APG's debt collection efforts, Ernest agreed to make monthly payments starting on July 7, 2022, to resolve the debt.

15. However, without Ernest's authorization, in June 2022, APG withdrew money from Ernest's bank account.

16. Additionally, APG did not provide to Ernest, nor did Ernest execute, any written or electronic writing memorializing or authorizing these recurring or automatic payments.

17. It is the policy and procedure of APG to not comply with the EFTA prior to withdrawing funds from consumers like Ernest.

18. APG didn't have authorization to withdraw money from Ernest's bank account when it withdrew funds in June 2022.

19. APG failed to notify Ernest of their banking withdrawals prior to accessing Ernest's bank account.

20. APG's collection efforts caused Ernest emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

21. APG accessing Ernest's bank account without authorization reduced the available balance of Ernest's bank account.

22. APG accessing Ernest's bank account without authorization reduced the interest Ernest received from his banking institution.

23. APG accessing Ernest's bank account without authorization diminished the money that Ernest had available in the case of an emergency.

24. APG accessing Ernest's bank account without authorization forced Ernest to lose time by having to tend to APG's conduct.

25. APG's collection activity forced Ernest to lose time by having to tend to APG's conduct.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 25 above as if fully set forth herein.

27. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 25 above as if fully set forth herein.

29. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 25 above as if fully set forth herein.

31. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

32. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression, or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

33. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

34. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 25 above as if fully set forth herein.

36. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson,*

4

*Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

37. Defendant's policies and procedures, as described in Paragraphs 6 through 19, *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

38. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
    *See* 15 U.S.C. §1692d.

39. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

## COUNT FIVE

### Violation of the Electronic Funds Transfer Act

40. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 25 above as if fully set forth herein.

41. Section 907(a) of the EFTA, 15 U.S.C. § 1693e provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

5

42. Section 903(9) of the EFTA Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides, provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

43. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.

44. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Sup. I, provides that '[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id.

45. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable. Id.

46. Defendant debited Plaintiff's bank account on a recurring basis without obtaining written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's account thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

47. Defendant debited Plaintiff's bank account on a recurring basis without providing a copy of a written authorization signed or similarly authenticated for preauthorized electronic fund transfers by Plaintiff for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

**JURY DEMAND**

48. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

49. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to the Electronic Funds Transfer Act

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   June 22, 2022

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-490-4224
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*